IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SONIX TECHNOLOGY CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-2082 |
| | ) | |
| PUBLICATIONS INTERNATIONAL, LTD., SD-X INTERACTIVE, INC., ENCYCLOPEDIA BRITANNICA, and HERFF JONES, INC., | ) ) ) ) | Honorable Amy St. Eve  Magistrate Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL EXPERT DEPOSITIONS AND MODIFY SCHEDULE**

Despite the clear guidance of FED.R.CIV.P. 26(a), requiring expert reports to contain "a complete statement of all opinions to be expressed and the basis and reasons therefore," Plaintiff served Defendants with opening expert reports filled with conclusory and unsupported factual allegations and opinions, and unexplained statements of "belief" and "understanding." Defendants need additional details regarding the basis and reasons for these asserted opinions and factual allegations in order for their experts to fully and completely respond to Plaintiff's claims of infringement and damages. Defendants, therefore, need to depose[1] Plaintiff's experts regarding their opening expert reports, and need to do so prior to submission of Defendants' rebuttal reports so that their experts can consider that information for their responses.

Sonix, however, refused to make its experts available for deposition prior to rebuttal reports. Despite acknowledging that Defendants are entitled to depose its experts, Sonix claimed

---

[1] Defendants are aware that one possible response to unsupported *ipse dixit* opinions is to move to strike them under FED.R.CIV.P. 37. *See*, *e.g.*, *Salgado v. General Motors Corp.*, 1996 WL 535333, *5-6 (N.D. Ill. 1996). Defendants may yet seek relief from the Court under that Rule. But, rather than potentially prematurely assert that Rule prior to confirmation of the basis of and reasons for Plaintiff's expert opinions, Defendants are first seeking the Court's assistance compelling discovery.

that both its counsel's and its experts' schedules are simply too busy for depositions at this time. And, while Defendants offered to take the depositions at a later date to accommodate Sonix's schedule, Sonix refused to agree to a later exchange date for rebuttal reports, thus effectively denying Defendants this necessary discovery.

Given Defendants' need for this information prior to rebuttal reports, and Plaintiff's refusal to compromise, Defendants have no choice but to ask the Court to compel the depositions of Plaintiff's experts and to modify the schedule to allow Defendants' experts a ten-day period following those depositions to review the information before submitting rebuttal reports.

**I. Plaintiff's Expert Reports Fail to Disclose Sufficient Information on Their Own for Defendants to Understand the Basis and Reasons for the Asserted Opinions.**

Experts are a common feature in patent infringement litigation. The subject matter of infringement is often technical, and the issues surrounding damages involve complex questions such as hypothetical license negotiations. When a party wants to rely upon an expert witness to support its claims, the Federal Rules require that party provide a written report for that witness, which must include, *inter alia*, a "complete statement of all opinions the witness will express ***and the basis and reasons for them***…." Fed.R.Civ.P. 26(a)(2)(i), *emphasis added*. Here, Plaintiff has served on Defendants two reports that, while lengthy, include numerous foundational and critical allegations that are unsupported, uncited, and unexplained.

Plaintiff's infringement expert, Dr. Amit Ashok, submitted a 56-page opening report. (*See* Exhibit 1 hereto.) While long, the length of the report more reflects the sheer volume of asserted claims (34 in total, many of which are 5+ elements long) than the depth of disclosure by Dr. Ashok. For example, the final 21 pages of Dr. Ashok's report consist of tables of conclusory allegations regarding the accused products, in which Dr. Ashok concludes infringement as to over 75 different products by citing the language of the claims and then, without explanation,

asserting all 75+ products meet the regurgitated claim element language. (*See*, *e.g.*, Ex. 1 hereto, at pp. 36-51.) What substantive discussion exists in Dr. Ashok's report is substantially bereft of citations, and full of statements of "belief" without citation or explanation. (*See*, *e.g.*, Ex. 1 at pp. 14, ¶¶ 1, 2, p. 15, ¶3 – p. 16, ¶1.) Tellingly, throughout the report, Dr. Ashok provides very little citation or explanation regarding his opinions as to the function and operation of the 75+ accused products, of which Dr. Ashok admits to only actually reviewing five. (*See* Ex. 1 at Ex. A.)

Similarly, Plaintiff's damages expert, Dr. Patrick F. Kennedy, submitted a 41-page report in which he also failed to provide sufficient citations to the materials relied upon to support his opinions. (*See* Exhibit 2 hereto (filed under seal).) For example, Dr. Kennedy provides a 3-page "Non-Technical" explanation in which he repeatedly claims features of the products, claims they're patented, and then asserts without citation that those features "drive consumer demand for the accused product," all without reference to anything but the patent-at-issue. (*See* Ex. 2 at 14-16.) Dr. Kennedy claims that certain recent case law supports his opinion, without specific citation or explanation. (*See* Ex. 2 at p. 22, n. 48.) Dr. Kennedy further asserts reliance on publicly available information, without citing to what information he is relying upon, or including that information (or its sources) as material he relied upon for his report. (*See* Ex. 2 at Ex. C.) Other information is referenced without its basis or reasoning being adequately provided. (*See* Ex. 2 at p. 23 (average gross profit margin stated but not supported); p. 25, nn. 49, 50 (pricing information not provided); p. 26 (average gross profit information stated but not supported).) And yet other information relied upon by Dr. Kennedy is sourced directly from Sonix without any further explanation. (*See* Ex. 2 at p. 38 (regarding cost of unidentified alternative technology).)

3

## II. Defendants' Experts Need a Full Understanding of the Basis and Reasons for Plaintiff's Expert's Opinions to Fully Respond and Comply with Fed.R.Civ.P. 26(a).

Not surprisingly, Defendants' experts have requested access to the basis for and reasons for Plaintiff's experts' opinions before rendering a rebuttal opinion on the issues of infringement and damages. This request is reasonable, given the strict requirements for disclosure under FED.R.CIV.P. 26(a)(2), and the function of a rebuttal expert. *See United States v. Grin tjes*, 237 F.3d 876, 879 (7th Cir. 2001) ("The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party."). If Defendants rebuttal experts are to serve their function, they need to know (1) what opinions Plaintiff's experts intend to offer, (2) the bases for those opinions and (3) the reasons they were reached. Defendants' experts' cannot fully respond to opinions when the bases and reasons for those opinions remain obscured, and the opinions merely *ipse dixit*.

## III. The Depositions and Disclosures Can be Timely Made under the Current Schedule.

There is more than sufficient time under the current schedule to complete compelled depositions of Plaintiff's experts on their opening reports, to give a ten-day period for Defendants' experts to obtain and then review the transcripts and provide rebuttal reports, and for Plaintiff to then review those rebuttal reports and depose Defendants' experts. Under the current schedule, expert depositions are set to be completed by July 22, 2015, over 60 days from now. In correspondence leading up to the present motion, Plaintiff asserted scheduling difficulties up to the June 1, 2015, rebuttal exchange date, but not after that date. (*See*, *e.g.*, Exhibit 7 hereto, discussed further in Section IV, *infra*.) Assuming depositions of Plaintiff's experts are compelled by the end of June, 2015, Defendants' rebuttal expert reports could be provided by no later than June 22, 2015, leaving a full month after those reports are provided for

4

Plaintiff to review the reports and depose Defendants' experts, if desired. Indeed, even if it took until the end of June for Plaintiff to produce its experts for deposition, Defendants would provide their rebuttal reports by July 10, 2015, leaving nearly two weeks for Plaintiff's depositions. This is more than sufficient time, especially given that any delay here is being caused by Plaintiff's unavailability, not Defendants.

## IV. Defendants' Attempts to Meet and Confer per L.R. 37.2.

Following an agreed extension of the opening expert report exchange, Plaintiff served its opening expert reports regarding infringement very late in the evening on May 5, 2015[2]. (*See* Collective Exhibit 3, Service Emails.) About 36 hours later, Defendants requested available dates for the depositions of Plaintiff's experts. (*See* Exhibit 4, May 7, 2015, Email.) Later the next day, Plaintiff responded that its experts were unavailable at the requested dates, but did not offer any alternative dates. (*See* Exhibit 5, May 8, 2015, Email.) Defendants followed up with Plaintiff, requesting alternative dates. (*See*, Exhibit 6, May 12, 2015, Email.) Two days later, Plaintiff responded that its experts were not available at all prior to rebuttal reports were to be exchanged. (*See*, Exhibit 7, May 14, 2015, Email.) The next day, Defendants confirmed that they needed the depositions to complete rebuttal reports, and offered an accommodation on timing of the depositions to accommodate Plaintiff's and its experts' schedules. (*See*, Exhibit 8, May 15, 2015, Email.) Following the weekend, Plaintiff again refused to make its experts available, and refused to cooperate on an alternative schedule approach. (*See*, Exhibit 9, May 18, 2015, Email.) Defendants offered to compromise one more time, but stated the present motion

---

[2] Plaintiff's opening expert report on its infringement allegations was served on May 6, 2015, at 12:02 a.m., while its opening expert report on its damage allegations was served on May 5, 2015, at 11:58 p.m. Defendants do not by this motion take issue with the timing of service of these reports, except to demonstrate the timeliness of their requests for depositions.

5

would need to be filed if no agreement could be reached. (*See*, Exhibit 10, May 18, 2015, Email.)

WHEREFORE, for the above-stated reasons, Defendants respectfully request an order from the Court compelling the deposition of Plaintiff's expert witnesses as soon as possible, and extending the date for Defendants' rebuttal expert reports to a date 10-days from the date of the relevant expert deposition.

Dated: May 18, 2015	By:	/s/ *Jacob D. Koering*
		One of the Attorneys for Defendants

		Jacob D. Koering
		Terrence J. Sheahan
		FREEBORN & PETERS LLP
		311 South Wacker Drive
		Suite 3000
		Chicago, Illinois 60606
		Telephone: (312) 360-6000
		Facsimile: (312) 360-6994
		Email: jkoering@freeborn.com

		*Attorneys For Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2015, I caused the foregoing MEMORANDUM IN SUPPORT OF MOTION TO COMPEL EXPERT DEPOSITIONS AND MODIFY SCHEDULE to be electronically filed with the Clerk of the Court using the CM/ECF system, which system will send Notice to the attorneys of record who have consented in writing to accept service of this document by electronic means. I further certify that all parties in this case are represented by counsels who are CM/ECF participants in this District.

/s/ *Jacob D. Koering*
Attorney for Defendants